# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 99-50572

_____

SYLVIE M., by next friend Diane R.;
Diane R.,

Plaintiffs-Appellants

versus

BOARD OF EDUCATION OF DRIPPING SPRINGS
INDEPENDENT SCHOOL DISTRICT; ET AL

Defendants

BOARD OF EDUCATION OF DRIPPING SPRINGS
INDEPENDENT SCHOOL DISTRICT

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Western District of Texas
(A-97-CV-314)
_____

May 05, 2000

Before WIENER, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Sylvie M. and Diane R. (collectively, "Appellants") ask us to reverse the district court's reversal of the State Education Hearing Officer's decision that the defendant-appellee ("School District") did not provide a free appropriate public education ("FAPE"), and to reverse both the Hearing Officer's and the district court's rulings that Appellants are not entitled to reimbursement for residential placement of Sylvie at the Elan School because it was not appropriate for her disability.

_____

Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellants' claims are grounded, alternatively, in the Individuals with Disability in Education Act ("IDEA") and the Rehabilitation Act. We affirm the district court's dismissal of Appellants' actions.

After carefully reviewing the material facts at issue in this case, as reflected by the record and as related in briefs of counsel, and applying the appropriate law to those facts, we conclude that the district court did not commit reversible error in holding, under the appropriate "essentially de novo" standard of review, that the Individual Educational Plan ("IEP") provided by the school district was in compliance with the appropriate procedures and was reasonably calculated to enable Sylvie to receive educational benefits. Neither do we find reversible error in the district court's determination that Sylvie's unilateral residential school placement by her parents was inappropriate and thus not reimbursable. See Cypress-Fairbanks Independent School District v. Michael F., 118 F.3d 245 (5th Cir. 1997); see also Houston Independent School District v. Bobby R., 200 F.3d 341 (5th Cir. 2000).

We conclude that the arguments advanced on behalf of Appellants are insufficient to justify reversal of the district court's judgment, which, in all respects, is
AFFIRMED.